# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

REGINALD DARNELL RICHARDSON                                              PETITIONER
ADC # 134785

v.                              5:13CV00020-KGB-JJV

RAY HOBBS, Director
Arkansas Department of Correction                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     BACKGROUND**

On November 2, 2005, a Ouachita County jury convicted Mr. Richardson of possession of a controlled substance with intent to deliver. (Doc. No. 6.) The Arkansas Court of Appeals recited the evidence supporting his conviction as follows:

> On April 14, 2005, Sergeant John Voss of the Camden Police Department was on patrol at the Fort Lookout Apartment Complex when he noticed a man, later identified as Richardson, walking toward his patrol car. Sergeant Voss noticed that Richardson had a can of beer in his hand and it appeared that Richardson had just taken a drink or was about to take a drink. Upon seeing Sergeant Voss, Richardson placed the beer at his side and began walking in the opposite direction. Richardson then tossed the beer into the dumpster that he walked past. Sergeant Voss arrested Richardson for drinking in public and performed a search of Richardson's person. During the search, he recovered thirty-five rocks of cocaine, $365 in cash, and a cell phone. The State Crime Lab later determined that Richardson possessed 11.8474 grams of cocaine.

*Richardson v. State,* 2007 WL 757558 *(Richardson I)*

He was sentenced to 240 months in the Arkansas Department of Correction, which included a 10-year enhancement for committing the offense within 1000 feet of a publicly funded and administered multifamily housing development. Ark. Code Ann. § 5-64-411(a)(4) (Supp. 2005). (Doc. No. 6-1.) Mr. Richardson appealed his conviction to the Arkansas Court of Appeals (Doc.

No.6-2) and on March 14, 2007, the Arkansas Court of Appeals affirmed. *Richardson v. State,* 2007 WL 757558 *(Richardson I).* Mr. Richardson did not seek further direct review, so his judgment became final on April 1, 2007, when the time for filing a petition for review in the Arkansas Supreme Court expired. *Gonzalez v. Thaler,* 132 S. Ct. 641, 653-56 (2012); (Doc. No. 6.)

Mr. Richardson timely filed a petition for post conviction relief pursuant to Ark. R. Crim. P. 37 on May 24, 2007. (Doc. No. 6-6.) He subsequently filed a "Supplemental Pleading" Rule 37 Petition on August 14, 2007 (Doc. No. 6-7), amended Rule 37 petitions on August 5 and 6, 2009 (Doc. Nos. 6-8 and 6-9), and a "second amended" Rule 37 petition on October 16, 2009. (Doc. No. 6-10). His post conviction claims included: (1) trial counsel was ineffective for failing to request a dismissal of the enhanced portion of petitioner's sentence because of a discrepancy between the wording of the charge and the verdict form; (2) petitioner was denied effective assistance of counsel because his trial attorney was "under investigation" for ethical violations at the time of trial; (3) counsel did not recommend an alternative sentence, present mitigating evidence at sentencing, or object to consecutive sentences; (4) petitioner was never arraigned on the sentencing enhancement; and (5) counsel was ineffective for not advising petitioner about the enhancement, seeking to dismiss the enhancement, or objecting to it or jury instructions concerning it. (Doc. No. 6.) The State responded, disputing each of the claims. (Doc. Nos. 6-11 and 6-12.)

On October 22, 2009, the Ouachita County Circuit Court denied Mr. Richardson's Rule 37 petition and subsequent amendments. (Doc. No. 6-13). He appealed to the Arkansas Supreme Court (Doc. No. 6-14) and on November 10, 2011, the Supreme Court affirmed. *Richardson v. State,* 2011 Ark. 478 (*Richardson II).*

Mr. Richardson filed the instant habeas Petition on January 24, 2013 (Doc. No. 2) and it is now ripe for review. Petitioner raises the following claims: 1) the circuit court lacked legal authority

to try, convict, and sentence petitioner for committing the offense within 1000 feet of a publicly funded and administered multifamily housing development because it failed to issue a warrant in conformity with state and federal law; 2) trial counsel was ineffective for failing to object when appellant was not arraigned on this enhancement; and 3) trial counsel was ineffective for failing to object to erroneous wording in the verdict form. (Doc. No. 2.) For the following reasons, the Court concludes Mr. Richardson's Petition should be DISMISSED.

## II.   ANALYSIS

### A.   Statute of Limitations

Respondent only argues that Mr. Richardson's Petition is barred by the statute of limitations. (Doc. No. 6 at 4.) Title 28 U.S.C. §§ 2241 (d)(1) and (d)(2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2).

After carefully reviewing the record, the Court finds the Petition is untimely. The one-year limitations period for filing a federal habeas petition began on April 1, 2007, when judgment became final. Fifty-two days ran until May 24, 2007, when time was tolled while Mr. Richardson sought state post-conviction relief until November 10, 2011 - the date his efforts to obtain state post conviction relief were exhausted. 28 U.S.C. § 2244 (d)(2). Mr. Richardson had 313 days to satisfy the limitations statute (September 18, 2012). And Mr. Richardson did not file his habeas petition until January 24, 2013. Between November 10, 2011, and January 24, 2013, nothing occurred to toll the one-year period for filing the petition. Because Mr. Richardson filed his federal habeas Petition well after expiration of the one-year limitations period, his Petition is untimely.

The Court recognizes that Mr. Richardson did attempt to seek state habeas corpus relief by filing petitions multiple times in Ouachita and Pulaski Counties. The petition was never properly filed in Ouachita County because Mr. Richardson was then incarcerated in Pulaski County. And Mr. Richardson became ensnared in a "catch 22" because the documents he filed led the Pulaski County Clerk to reject filing his petition because it appeared that jurisdiction was in the Ouachita County Circuit Court. (Doc. No. 5 at 1, 6.) The Court is troubled by the fact that the Pulaski County Clerk failed to file Mr. Richardson's Petition. But "[a] properly filed application is one that meets all the state's procedural requirements." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002); *See also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that a petition is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings").

It is noteworthy that after his state habeas petition was turned away by the Pulaski County Circuit Clerk, Petitioner still had ample time to meet the September 18, 2012, deadline. The record also reflects that an attorney advised Petitioner about the one-year limitations period in 2011. (Doc. No. 5 at 36.)

5

Accordingly, the Court concludes Mr. Richardson's Petition should be considered untimely. It was filed January 24, 2013, four months after the one-year period of limitation expired pursuant to 28 U.S.C. §§ 2241 (d)(1) and (d)(2); therefore, his Petition should be dismissed on this basis alone. Nevertheless, out of an abundance of caution, the Court will address Petitioner's three points raised in the instant Petition. (Doc. No. 2.)

B.     **Procedural Default**

As an initial matter, Petitioner's first claim is frivolous and wholly unsupported by any law or facts. Moreover, this claim was never raised to the state courts and is therefore procedurally defaulted.

This Court may not review a federal habeas claim unless it has first been "'fairly presented' to the state court for a determination on the merits." *Hall v. Delo*, 41 F.3d 1248, 1249-50 (8th Cir. 1994) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). "A federal claim has not been fairly presented to the state courts when the state court has declined to decide the federal claim on the merits because the petitioner violated a state procedural law." *Id*. at 1250. Because he did not do so, the claims are procedurally defaulted.

Where a claim is procedurally defaulted, federal habeas review is permitted only if the petitioner can demonstrate 1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or 2) that failure to consider the claims will result in a fundamental miscarriage of justice – that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If the petitioner cannot show cause, the prejudice element need not be addressed. *McClesky v. Zant*, 499 U.S. 467, 502 (1991).

The existence of cause "must ordinarily turn on whether the prisoner can show some

objective factor external to the defense impeded efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). At a minimum, a petitioner must show that "something 'external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Coleman v. Thompson*, 501 U.S. at 753).

Mr. Richardson offers no objective, external factor excusing his default. Although Petitioner claims he tried to raise this issue through his failed state habeas petition, this does not excuse his failure to raise this claim on appeal to the Arkansas Court of Appeals while he was represented by counsel. (*Richardson I.*)

Nevertheless, a federal habeas petitioner who has procedurally defaulted may be able to proceed if he can prove actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To prove actual innocence, a petitioner must present 1) "new and *reliable* evidence that was not presented to the state courts," and 2) that in light of the new evidence "it is more likely than not that no reasonable juror would have convicted him." *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (emphasis added). The "actual innocence gateway is very limited." *Id*. "Few petitions are within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id*. (citations omitted). This exception only applies to claims of actual innocence and not legal innocence. *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994).

Here, Mr. Richardson does not argue actual innocence and has not offered any newly-discovered, reliable evidence. So Mr. Richardson's first claim is procedurally defaulted and should be dismissed with prejudice.

### C. Limited Federal Review of Claims Adjudicated in State Court

Petitioner's second and third claims were properly raised and adjudicated by the state courts

through his Rule 37 Petition. "In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions is limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding, and the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision involves an unreasonable determination of the facts in light of the evidence presented "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (citations omitted).

Moreover, interpretation and application of state law are not subject to habeas corpus review

since federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (citing *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998) ("Determinations of state law made by a state court are binding on a federal court in habeas proceedings"). Thus, questions of state law that have been decided by a state court are simply not reviewable, "even under the deferential standard of 28 U.S.C. § 2254(d)." *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (quoting *Lee v. Gammon*, 222 F.3d 441, 443 (8th Cir. 2000)). Of course, a factual issue would be susceptible to limited review by the habeas court. *See* 28 U.S.C. § 2254(e)(1).[1] However, it is not the duty of the federal habeas court to "reexamine state-court determinations on state-law questions." *Id*. A federal court conducting a habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

      1. *Ineffective Assistance of Counsel for failing to object to the wording on the verdict form*

The Arkansas Court of Appeals correctly identified the governing federal law for ineffectiveness claims as *Strickland v. Washington*, 466 U.S. 668 (1984). (*Richardson* II.) Strickland establishes a two-element test for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

---

[1] State court factual findings are "presumed to be correct," and this presumption can be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(d).

9

Following *Strickland*, the court held that defense counsel was not ineffective because any error was harmless. (*Richardson II* *5.) The court stated:

> Given this verdict form, we conclude that the use of the words "for sale" in the verdict form was harmless because the correct statutory language was consistently used throughout the other pleadings, instructions, and verdict forms. The jury was informed at trial, pursuant to the felony information, that appellant was charged with possession of cocaine with intent to deliver within 1000 feet of a public-housing development.

*Id.*

Afer careful review, the Court concludes that the state court's conclusion did not entail an unreasonable application of federal law. In reviewing an ineffective assistance claim under the "unreasonable application" clause of § 2254(d)(1), "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). The Arkansas Court of Appeals reasonably applied *Strickland* to the facts of Mr. Richardson's case. Even if Mr. Richardson could show his counsel was deficient, he is still unable to show the requisite prejudice.

    2.    *Ineffective assistance of counsel for failing to object when appellant was not arraigned on this enhancement*

The Arkansas Court of Appeals concluded:

> When a defendant appears and announces that he is ready for trial, he or she waives formal arraignment. *Hamm v. State*, 365 Ark. 647, 232 S.W.3d 463 (2006) (citing *Hill v. State*, 251 Ark. 370, 472 S.W.2d 722 (1971)). A failure to arraign is not reversible error if the record shows that the defendant received every right that he would have received if arraigned. *Id*. (citing *Hobbs v. State*, 86 Ark. 360, 111 S.W. 264 (1908)). Here, appellant was not prejudiced by the lack of a formal arraignment on the enhancement. Appellant received the same rights at trial as he would have had he been arraigned. Because appellant was tried on that charge, he waived formal arraignment by appearing and announcing that he was ready for trial. Further, appellant failed to prove that he suffered any prejudice by not being arraigned. Thus, we conclude that trial counsel was not ineffective for failing to object on this basis.

*Id*. For these reasons, we hold that the circuit court properly denied appellant's petition for postconviction relief.

*Richardson II* *5.

Although Mr. Richardson was admittedly never arraigned on the enhanced charge, the Arkansas Court of Appeals followed their well established precedent in dismissing Petitioner's claim. The court's decision was not contrary to, nor involved an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Therefore, this claim is without merit.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes Mr. Richardson's Petition for Writ of Habeas Corpus should be DISMISSED as untimely. In the alternative, Petitioner's first claim should be DISMISSED as procedurally defaulted, and his second and third claims should be DISMISSED as properly adjudicated by the state courts.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be

granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred. Therefore, no certificate of appealability should be issued.

**V.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED.

2. A certificate of appealability should not be issued.

DATED this 30th day of September, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE